UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ERIN BERGEY,**<br><br>                              Plaintiff,<br>-vs-<br><br>**ACCELERATED RECEIVABLES MANAGEMENT, INC.**<br><br>                              Defendant. | *Civil Action No.* _____ |

## COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Erin Bergey brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Erin Bergey is a natural person residing in the County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Accelerated Receivables Management, Inc., (hereinafter "Accelerated Receivables") is a foreign business corporation organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

**FACTUAL ALLEGATIONS**

8. That Plaintiff Erin Bergey allegedly incurred and later allegedly defaulted on a medical debt to Mercy Hospital in 2002. Said alleged medical debt will hereinafter be referred to as "the subject debt."

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That upon information and belief, Defendant Accelerated Receivables was subsequently employed following Plaintiff's alleged default in order to collect the subject debt.

11. That immediately thereafter, Defendant began calling Plaintiff Bergey's cellular telephone multiple times per week in an attempt to collect the subject debt.

12. That on more than one occasion, Defendant Accelerated Receivables called Plaintiff's cellular telephone upwards of four (4) times in one day.

13. That Defendant Accelerated Receivables has also called Plaintiff's place of employment on more than one occasion, despite being notified that such calls were not permitted.

14. That during one such call to Plaintiff's place of employment, Defendant attempted to force Plaintiff Bergey to discuss the subject debt while her supervisor was sitting directly beside her. Said call caused Plaintiff Bergey great worry and distress.

15. That on another occasion, Plaintiff Bergey was told that Defendant did not have to refrain from calling Plaintiff's place of employment because Accelerated Receivables could do "whatever" it wanted to collect the debt.

16. That on multiple occasions, Defendant Accelerated Receivables left messages for Plaintiff Bergey on her cellular telephone stating that if Plaintiff wanted to handle the matter "voluntarily" she must return the Defendant's telephone call right away. Defendant also frequently added that Plaintiff's failure to return the Defendant's call would be considered as a "refusal to pay."

17. That upon information and belief, Defendant Accelerated Receivables meant, and Plaintiff Bergey understood, the aforementioned statements regarding "voluntarily" handling the subject debt to mean that if she did not pay the debt she would be sued.

18. That despite the Defendant's aforementioned implied threats of suit, Defendant lacked the intent and/or authority to sue Plaintiff Bergey to recover the subject debt, since the debt was allegedly eight (8) years old and therefore well beyond any applicable statute of limitations.

19. That at no time during any of the events described above did Defendant Accelerated Receivables provide Plaintiff Bergey with a written notice of the subject debt and her rights as a "consumer" as required by 15 U.S.C. §1692g(a).
20. That as a result of Defendant's abusive and harassing conduct, Plaintiff Erin Bergey became very upset, worried and otherwise suffered from emotional distress.

## CAUSE OF ACTION

21. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:
22. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff Bergey at her place of employment despite being notified on multiple occasions that such calls were not permitted.
23. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse Plaintiff by repeatedly implying that her failure to pay the debt would result in the involuntary payment of the debt and by otherwise placing a false sense of immediacy on the situation by informing Plaintiff that she must return the Defendant's calls right away.
24. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass her.
25. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f by using false, misleading and/or deceptive representations in an attempt to collect the subject debt by falsely implying that Defendant could force Plaintiff to pay the debt involuntarily, even though the alleged debt would have been well past the applicable statute of limitations to pursue legal action and otherwise cause involuntary payment of the debt at the time the threats were made.
26. Defendant violated 15 U.S.C. §1692g(a) by failing to provide Plaintiff Bergey with a written notice of the subject debt and her rights as a "consumer."
27. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff Bergey became very worried, upset and otherwise suffered from emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bergey respectfully requests that this honorable Court enter judgment against the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff Bergey demands a trial by jury in this action.

Date: May 11, 2010                                           /s/Frank J. Borgese
                                                             Frank J. Borgese, Esq.
                                                             Graham Law, P.C.
                                                             *Attorneys for the Plaintiff*
                                                             1207 Delaware Ave., Suite 202
                                                             Buffalo, New York 14209
                                                             fborgese@grahamlawpc.com
                                                             716.200.1520