UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ERIN BERGEY, | **REPORT and** |
| | **RECOMMENDATION** |
| Plaintiff, | |
| v. | |
| | 10-CV-00401-RJA-JJM |
| ACCELERATED RECEIVABLES, | |
| Defendant. | |

_____

## INTRODUCTION

Before me is the unopposed motion by defendant CBJ Marketing, Inc., d/b/a/Accelerated Receivables, for summary judgment or, in the alternative, for dismissal pursuant to Fed. R. Civ. P. ("Rule") 37(b) [21]. That motion, being dispositive, has been referred to me by Hon. Richard J. Arcara for a Report and Recommendation [6].[1]   For the following reasons, I recommend that the motion be granted to the extent it seeks summary judgment, but otherwise denied.

## BACKGROUND

Plaintiff commenced this suit, through counsel, in May 2010 for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. Amended Complaint [3].  According to plaintiff, she allegedly incurred and later defaulted on a medical debt

---

[1]   Bracketed references are to the CM/ECF docket entries.

(the "debt") to Mercy Hospital in 2002. Id., ¶8.  Defendant was subsequently employed to collect the debt, and placed various telephone calls to plaintiff that were allegedly in violation of the FDCPA.  Id., ¶¶10-20.

In May 2011, I granted plaintiff's counsel's unopposed motion for leave to withdraw [19].  At that time, plaintiff was expressly advised that unless she retained new counsel, that she would be representing herself *pro se.*  Id.  Since then, no counsel has entered an appearance on plaintiff's behalf.

## ANALYSIS

A.     **Defendant's Motion for Summary Judgment**

Although plaintiff was served with defendant's motion for summary judgment, which was accompanied by a  notice to *pro se* plaintiff as required by Local Rule 56(b) (which cautioned her that her failure to respond to the motion may result in her complaint being dismissed) [20], she failed to file any written opposition to the motion Nevertheless, since "even unopposed motions for summary judgment must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law", D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir.2006), I must consider whether defendant has met its burden for obtaining summary judgment.

Defendant's motion for summary judgment is premised on it not being the correct defendant.  It relies upon the Affidavit of its president, Brian Answeeney, who acknowledges that defendant engages in the business of collecting consumer debts but denies that it has ever performed collection work for Mercy Hospital, that it has ever been referred or assigned the debt,

or that it has ever contacted or attempted to contact plaintiff regarding the debt . Answeeney Affidavit [21-1], ¶¶5, 6.  Based upon this unrebutted evidence, I recommend that defendant's motion for summary judgment be granted.

**B.     Defendant's Request for Attorney's Fees**

Defendant also seeks its reasonable attorney's fees, arguing that plaintiff's "pursuit of this action . . . - despite the fact that [it] was never involved in the collection of the 'subject debt' - was arguably in bad faith and for the purpose of harassment." Defendant's Memorandum of Law [21-7], pp. 3-4.

15 U.S.C. §1692k(a)(3) states, in relevant part, that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." "[T]he prevailing defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment." Perry v. Stewart Title Co., 756 F.2d 1197, 1211 (5th Cir. 1985), modified on other grounds, 761 F.2d 237 (5th Cir.). Additionally, "[d]efendant must provide evidence of plaintiff's bad faith (as opposed to counsel's bad faith)". Hasbrouck v. Arrow Financial Services LLC, 2011 WL 1899250, *7 (N.D.N.Y. 2011).

Although defendant has established through its unopposed motion for summary judgment that plaintiff's suit was commenced against the wrong entity, nothing in the record

suggests that this was done with an improper motive instead of being the result of a mistake.[2] Nor does the record indicate that plaintiff or her attorney elected to continue the case after being alerted by defendant that it was not the correct entity.

Therefore, I recommend that defendant's request for summary judgment as to its entitlement to attorney's fees be denied.

C.     **Dismissal Pursuant to Rule 37(b)**

Alternatively, defendant seeks to dismiss the case pursuant to Rule 37(d) for plaintiff's failure to respond to its First Set of Interrogatories and First Request for Production of Documents. Defendant's Memorandum of Law [21-7], Point II.  Since I have recommended granting defendant's motion for summary judgment, I recommend that defendant's dismissal motion be denied as moot.  However,  in the event that my recommendation to grant defendant's summary judgment motion is determined to be erroneous, I will analyze defendant's dismissal motion.

"Dismissal with prejudice for discovery failures is a harsh sanction that is to be used only in extreme situations . . . and then only after (a) the court finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) the court gives notice, especially to *a pro se* litigant, that violation of the court's order will result in a dismissal of the case with prejudice." Simmons v. Abruzzo, 49 F.3d 83, 88 (2d Cir. 1995).  Since there is no indication

---

[2] I note that plaintiff initially commenced suit against "Accelerated Receivables Management, Inc." (Complaint [1]), but amended the Complaint shortly thereafter to name defendant, apparently a distinct entity. This suggests that plaintiff was at least seeking to identify the correct defendant.

that plaintiff was ever advised that her failure to respond to defendant's discovery demands could result in the dismissal of this case, I conclude that dismissal on this basis is unwarranted.

## CONCLUSION

For these reasons, I recommend that defendant's motion [21] be granted to the extent it seeks summary judgment dismissing with prejudice plaintiff's First Amended Complaint, but that the motion otherwise be denied. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by November 21, 2011 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and

-5-

explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

DATED:	November 2, 2011

                                      /s/ Jeremiah J. McCarthy  
                                      JEREMIAH J. MCCARTHY  
                                      United States Magistrate Judge